# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| KERRY LEE BEAL, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0014 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Kerry Lee Beal, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his state felony conviction.  Respondent filed a motion to dismiss for failure to exhaust state remedies (Docket Entry No. 34), to which Beal responded (Docket Entry No. 35).  Beal filed the following pending motions:

(1)      motion for leave to file an amended or supplemental petition (Docket Entry No. 17);

(2)      motion for leave to file additional or amended motions (Docket Entry No. 26);

(3)      motions for leave to file memoranda in support (Docket Entries No. 27, 32);

(4)      motions to stay or abate (Docket Entries No. 28, 31, 35); and

(5)      motions for appointment of counsel (Docket Entries No. 33, 35).

Based on consideration of the pleadings, the motions and responses, the record, and the applicable law, the Court will deny the motion for leave to file an amended or supplemental petition, grant the motions for leave to file memoranda, deny as moot the

motion for leave to file additional motions, deny as moot the motions to appoint counsel, deny the motions to stay or abate, grant the motion to dismiss, and dismiss this case without prejudice for failure to exhaust.

## I.  BACKGROUND

On December 4, 2002, Beal was convicted of burglary of a habitation with intent to commit assault under cause number 923822 in Harris County, Texas, and sentenced to life imprisonment.  The state court of appeals affirmed the conviction.  *Beal v. State*, No. 14-02-1299-CR, 2003 WL 22902274 (Tex. App. – Houston [14th Dist.] 2003, pet. ref'd).  The Texas Court of Criminal Appeals refused discretionary review on October 6, 2004.

Beal filed his first application for state habeas review on September 19, 2005.  *Ex parte Beal*, Application No. 63,173-01, at 2.  The Texas Court of Criminal Appeals dismissed the application on December 7, 2005 for noncompliance with the Texas Rules of Appellate Procedure.  *Id*.  Beal filed his second application for state habeas review on November 18, 2005.  *Ex parte Beal*, Application No. 63,173-02, at 2.  On March 8, 2006, it, too, was dismissed by the Texas Court of Criminal Appeals for noncompliance with the Texas Rules of Appellate Procedure.  *Id.*, at cover.  Beal states that he filed a third application for state habeas review in the trial court on March 6, 2006.  (Docket Entry No. 32, p. 1.)  To-date, the public records for the Texas Court of Criminal Appeals do not reflect the filing of a third application for state habeas relief in that court.

2

Beal filed his original petition for federal habeas relief on December 19, 2005, raising ineffective assistance of trial and appellate counsel, factual insufficiency, and actual innocence. (Docket Entry No. 1.)  On December 30, 2005, Beal filed a second federal habeas petition challenging this same conviction.  *Beal v. Dretke*, C.A. No. H-06-cv-0057 (S.D. Tex. 2006).  This latter case was consolidated with the instant case on January 24, 2006.  (Docket Entry No. 7.)  On March 17, 2006, Beal requested leave to file an amended petition (Docket Entry No. 17), setting forth 106 grounds for habeas relief.  (Docket Entry No. 20.)

On July 21, 2006, respondent filed a motion to dismiss, arguing that Beal failed to exhaust his state court remedies prior to seeking federal habeas relief.  In his response to the motion, Beal argues that because his federal one-year statute of limitations expired on January 6, 2006, the Court should stay these proceedings pending exhaustion of his state court remedies.

## II.  NON-DISPOSITIVE MOTIONS

### A.    Motion for Leave to Amend or Supplement Petition

Beal seeks leave to file an amended or supplemental petition (Docket Entry No. 17). The proposed petition (Docket Entry No. 20) sets forth 106 grounds for habeas relief.

The parties do not dispute that Beal's one-year AEDPA limitation expired on January 6, 2006.  Beal's motion for leave to file the amended petition was filed on March 17, 2006. Accordingly, any new claims presented within the 106 grounds of his proposed petition were raised after expiration of limitations.   The Supreme Court recognizes that the AEDPA

3

limitation bars any new claims interjected into an amended habeas petition unless they "relate back to the date of the original pleading" as understood by Federal Rules of Civil Procedure Rule 15(c)(2).  *See Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562, 2574 (2005).  Under *Mayle*, claims in an amended habeas petition will relate back to the original filing "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."  *Id*. at 2570.  "If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance."  *Id.* at 2573-74. Accordingly, this Court must review the proposed petition in light of *Mayle*.

In his original federal petition, Beal complained that trial counsel failed to investigate the case or subpoena twenty witnesses (including expert witnesses), file a motion for new trial to present the omitted witnesses, investigate the crime scene, or move to suppress certain evidence; and that appellate counsel failed to raise ineffectiveness of trial counsel.  He also raised factual insufficiency of the evidence and "actual innocence" based on the testimony of omitted witnesses.  (Docket Entries No. 1, 3.)  In his petition originally filed under C.A. No. H-06-cv-0057, Beal complained of numerous instances of ineffective assistance of trial and appellate counsel, trial court error, and prosecutorial misconduct; Beal's absence at one or more pretrial hearings attended by trial counsel; improper use of prior convictions; and the trial court's denial of his *pro se* motion to substitute counsel.

4

This Court has carefully reviewed the 106 grounds raised in Beal's proposed petition and finds that the grounds either simply restate his original grounds or raise new grounds barred by limitations because they do not "relate back" to those raised in the original petitions. Specifically, the following proposed habeas claims would be barred by limitations: (1) trial counsel's violation of Beal's first amendment right to freedom of speech (Docket Entry No. 20, p. 19); (2) trial counsel's failure to file a motion to withdraw after trial (*id.*); (3) trial counsel's "trickery" in getting Beal to testify during punishment (*id.*, p. 21); (4) trial counsel's failure to object to Beal's life sentence as disproportionate to the offense or on any other grounds (*id.*, p. 32); (5) the State's violation of the Jencks Act by failing to give the defense all of its witness statements (*id.*); (6) the trial court's failure to instruct the jury that it must find any prior offenses and bad acts were committed by Beal beyond a reasonable doubt (*id.*, p. 33); and (7) trial counsel's failure to object to the amended indictment (*id.*, p. 33).[1]

The proposed petition raises no new claims not barred by limitations. Allowing Beal to file and pursue the new claims appearing in his proposed petition would be futile, and the motion to amend (Docket Entry No. 17) is **DENIED**.

---

[1] In an abundance of caution, the Court has reviewed these barred grounds and finds that they are unsupported in fact or in law and have no potential merit. Under Part IV(B), *infra*, the Court addresses those potential claims raised by petitioner that are not barred by limitations.

**B.      Motion for Leave to File Additional or Amended Motions**

Beal seeks leave to file one or more of his pending motions.  Leave of court is not required for the filing of these motions.  The motion for leave to file (Docket Entry No. 26) is **DENIED AS MOOT**.

**C.      Motions for Leave to File Memoranda in Support**

Beal seeks leave to file legal memoranda in support of his pending motions.  The motions for leave (Docket Entries No. 27, 32) are **GRANTED**.  The Court has reviewed and considered all of Beal's legal memoranda on file in this case.

**D.      Motions for Appointment of Counsel**

Beal requests appointment of counsel in this case.  (Docket Entries No. 33, 35.)  The discretionary appointment of counsel in a habeas proceeding is proper when the interests of justice so require.  *See* 28 U.S.C. § 1915(e)(1); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).  In making such determination, the district court may consider such factors as (1) the type and complexity of the case; (2) whether the inmate is capable of presenting his case adequately; (3) whether the inmate is in a position to investigate the case; and (4) whether the evidence would consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.  *Id*.

The instant case is not so factually or legally complex that Beal is unable to adequately investigate and present his claims, and a review of his pleadings shows that he is capable of

presenting his case adequately.   The interests of justice do not require appointment of counsel, and the motions (Docket Entries No. 33, 35) are **DENIED**.

### III.   FAILURE TO EXHAUST

This lawsuit is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254.  Under that provision, a petitioner must exhaust all available state remedies before he may obtain federal habeas corpus relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The doctrine of exhaustion, codified at 28 U.S.C. §§ 2254(b)(1) and (c), reflects a policy of federal and state comity.  *Coleman v. Thompson*, 501 U.S. 722 (1991).  Those statutes provide in pertinent part as follows:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that  –

   (A)   the applicant has exhausted the remedies available in the courts of the State; or

   (B)(i)  there is an absence of available State corrective process; or

   (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

* * * *

(c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254 (b), (c).  Under this framework, exhaustion means that the petitioner must have presented all of his habeas claims fairly to the state's highest court before he may bring them to federal court.  *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).   Generally, exhaustion in Texas may take one of two paths:  (1) the petitioner may file a direct appeal followed by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals.  *Myers v. Collins*, 919 F.2d 1074 (5th Cir. 1990).  A claim is exhausted when a habeas petitioner provides the highest state court with a fair opportunity to pass upon the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.  *Mercadel*, 179 F.3d at 275.

If one or more of a federal petitioner's claims are exhausted and others are unexhausted, a "mixed" petition of exhausted and unexhausted claims is presented, and the entire petition is subject to dismissal without prejudice.  *Rose v. Lundy*, 455 U.S. 509 (1982); *see also Slack v. McDaniel*, 529 U.S. 473 (2000).  In the instant case, Beal's two applications for state habeas relief were dismissed by the Texas Court of Criminal Appeals for his failure to comply with state court procedural requirements, and the merits of his claims were not reached.  Thus, only those habeas grounds addressed on direct appeal of Beal's conviction

8

are exhausted, and the remaining grounds are unexhausted.  As a result, the instant petition is a "mixed" petition subject to dismissal.

Beal admits that he has not exhausted his state court remedies as to all of his claims and that the federal one-year limitation expired on January 6, 2006.  He argues that dismissal of this case without prejudice for failure to exhaust would effectively bar him from seeking federal habeas relief following the eventual exhaustion of his state court remedies.  Relying on *Rhines v. Weber*, 544 U.S. 269 (2005), Beal requests this Court to abate, not dismiss, this case and allow him an opportunity to exhaust his state court remedies without penalty. (Docket Entries No. 28, 31, 35.)

## IV.  APPLICATION OF *RHINES v. WEBER*

In its recent decision of *Rhines v. Weber*, the Supreme Court addressed, in part, the situation in which a federal habeas petitioner filed a timely but mixed section 2254 petition, which was dismissed without prejudice for failure to exhaust but after the AEDPA limitations had expired.  544 U.S. 269, 275 (2005).  The Supreme Court determined that a federal district court facing such a situation has discretion to stay, rather than dismiss, the mixed federal habeas petition, but only in the limited circumstances where (1) there is good cause for the petitioner's failure to exhaust his claim first in state court; (2) the petitioner's unexhausted claim is potentially meritorious; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay.  *Id*. at 277-78.

A.     "Good Cause" for Failure to Exhaust

To merit relief under *Rhines*, Beal must demonstrate good cause for his failure to exhaust his state court remedies.   In an attempt to show good cause, Beal complains of a court mailing returned for improper postage, a delay in receiving habeas forms from the prison law library, and missing "green card" receipts.   He further complains that the copy of his appellate record he purchased on October 3, 2005 was delivered on December 14, 2005 in damaged condition, with missing and illegible pages.   Beal claims that with "all of the impediment[s] placed in [his] way," he could not exhaust his state remedies prior to expiration of the federal AEDPA limitation.   (Docket Entry No. 2, p. 4, C.A. No. H-06-0057.)

The Texas Court of Criminal Appeals refused discretionary review of Beal's direct appeal on October 6, 2004.   Proceeding *pro se*, Beal did not file his first application for state habeas relief until nearly a year later on September 19, 2005.   The state trial court dismissed the application on October 3, 2005, finding that it failed to "comply with the form prescribed by Rule 73.1 of the Rules of Appellate Procedure."   *Ex parte Beal*, Application No. 63,173-01, p. 23.   The Texas Court of Criminal Appeals dismissed the application and returned it to Beal on December 7, 2005, specifically informing him that "The grounds for relief are not set out on the prescribed form."   *Id.*, cover letter.   Beal thus was admonished twice of the need to set out his habeas grounds on the prescribed form.   Nevertheless, in his subsequent application for state habeas relief he again failed to set out his grounds for habeas relief on

the prescribed form, and the application again was rejected twice by the state courts. *Ex parte Beal*, Application No. 63,173-02, cover letter; p. 308.   A review of his state applications shows that Beal had the proper forms, but failed to follow instructions for their completion.   Beal then filed his pending federal habeas petitions in December, 2005, pursuing "stay-and-abeyance" relief due to the impending January 6, 2006 limitations deadline.

The record clearly shows that Beal's failure to exhaust his state court remedies was due to his initial delay in seeking state habeas relief and his repeated failures to comply with state appellate court rules.   The "impediments" he asserts as good cause for his failure to exhaust did not prevent him from exercising due diligence in commencing state habeas relief or in properly completing his state habeas forms.   No good cause for Beal's failure to exhaust his state court remedies is shown.

### B.   "Potentially Meritorious" Claims

Even assuming a petitioner shows good cause for failure to exhaust, a stay of his unexhausted claims is inappropriate unless the unexhausted claims are "potentially meritorious." *Rhines*, 514 U.S. at 278.   The Court has reviewed Beal's unexhausted federal habeas grounds and finds them without potential merit, as follows.

### Legal Insufficiency of the Evidence

Beal raised an unsuccessful legal insufficiency claim on direct appeal, and arguably the issue is exhausted. *See Beal*, 2003 WL 22902274, at *1.  However, as this claim has no

merit, "dismissal of the entire petition would [not] unreasonably impair the petitioner's right to obtain federal relief" on this issue.  *Rhine*s, 514 U.S. at 520.

On direct appeal, Beal argued that the evidence was legally insufficient to show he entered complainant's habitation.  The state appellate court found that Beal, complainant's former live-in boyfriend, confronted complainant outside her apartment and demanded her car keys.  Complainant refused and ran inside her apartment.  Beal followed her into the apartment, and physically assaulted her.  After Beal forcibly obtained complainant's purse, she stabbed him in the back with a kitchen knife.  Beal dropped the purse and ran out the door.  Two witnesses testified to seeing Beal enter complainant's apartment, and police observed a trail of blood starting outside the apartment door.

The state appellate court properly reviewed the evidence under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), and held the evidence legally sufficient to show that Beal had entered complainant's apartment.  Federal habeas relief is not proper unless a petitioner shows that the adjudication of his claim in state court (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d).  Based on this Court's independent review of the record, the state appellate court's decision was neither contrary to nor an unreasonable application of clearly established federal law, nor an unreasonable determination of the facts presented in state court. Beal's claim is without merit.

*Factual Insufficiency of the Evidence*

Beal complains that the evidence is factually insufficient to support the conviction. This ground fails to raise a cognizable federal habeas claim. *See Woods v. Cockrell*, 307 F.3d 353, 357-58 (5th Cir. 2002) (noting that factual insufficiency is a creation of state law); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (holding that federal habeas relief does not lie for errors of state law). This claim has no potential federal habeas merit.

*Ineffective Assistance of Trial Counsel*

Beal's complaints against trial counsel are legion. For purposes of clarity and convenience, the Court has grouped these complaints as follows: (1) failure to request and secure an examining trial; (2) lack of loyalty to Beal; (3) failure to contact missing witnesses; (4) failure to communicate, disclose a conflict of interest, or maintain necessary contact; (5) failure to renew a motion for an investigator; (6) failure to obtain experts; (7) failure to object to or challenge evidence, witnesses, and false testimony; (8) failure to request a lesser included charge; (9) failure to locate and subpoena defense witnesses; (10) failure to provide an accurate and complete record for appeal; (11) failure to effectively cross-examine witnesses; (12) failure to file and pursue a motion for probation or advise petitioner correctly; (13) failure to seek a bail reduction; (14) failure to preserve voir dire errors; (15) failure to surrender his file to Beal after trial; (16) failure to challenge the enhancement conviction; (17) failure to investigate and prepare for trial; (18) failure to object to or present evidence at the punishment hearing; (19) failure to prepare and present a defense; (20) prohibiting Beal

13

from testifying at guilt-innocence; (21) failure to request a presentencing investigation report;

(22) failure to preserve errors for appeal; (23) failure to make an opening statement; (24)

failure to object to the State's closing argument that Beal showed no remorse; (25) failure

to effectively pursue voir dire, request additional time for voir dire, or challenge incompetent

jurors; (26) failure to obtain and use transcripts of complainant's inconsistent testimony at

other proceedings for impeachment purposes; (27) failure to request a jury shuffle; and (28)

allowing a defense witness to present evidence favorable to the State.

   To prevail on an ineffectiveness of counsel claim, a petitioner must establish both

constitutionally deficient performance by his counsel and actual prejudice as a result of the

deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In determining

whether counsel's performance was deficient, judicial scrutiny must be highly deferential,

with a strong presumption in favor of finding that trial counsel rendered adequate assistance

and that the challenged conduct was the product of a reasoned trial strategy.  *West v.

Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996).  Actual prejudice is shown if there is a

reasonable probability that, but for counsel's unprofessional error, the result of the

proceeding would have been different.  *Strickland*, 466 U.S. at 694.  The failure to prove

either deficient performance or actual prejudice is fatal to an ineffective assistance claim.

*Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

   The Court has reviewed the record and finds no potentially meritorious grounds for

habeas relief under *Strickland*.  Substantially all of petitioner's claims are conclusory claims

presented without benefit of supportive underlying factual allegations. To the extent Beal claims counsel failed to present certain evidence, witnesses, defenses, cross-examinations, motions, objections, the record is devoid of any showing of the nature, content, or probable benefit of any such omitted matters, or that any motions or objections would have been granted, and neither deficient performance nor prejudice are established. *See*, *e.g.*, *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Nor does the record show valid grounds for objecting to the prior convictions or that an objection to the convictions or complained-of evidence would have been granted under state law, or that petitioner was eligible for probation under state law. Further, petitioner fails to identify any lesser-included offense charge that would have been required under state law, particularly in light of the state appellate court's finding of factually sufficient evidence to support the conviction. *Beal v. State*, at *2. The record does not show that petitioner was prejudiced by counsel's failure to request an examining trial. Contrary to petitioner's assertion, the record shows that a motion to reduce bail was filed and denied. Moreover, petitioner does not rebut the presumption of reasonable trial strategy for trial counsel's exercise of professional judgment regarding presentation of the case.

Where ineffective assistance of counsel is alleged during the punishment phase of a non-capital case, a petitioner must demonstrate that the sentence he received would have been "significantly less harsh" but for the deficient performance of counsel. *Daniel v. Cockrell,* 283 F.3d 697, 706 (5th Cir. 2001). None of Beal's complaints of ineffective

15

assistance during the punishment phase of trial is supported in the record, and neither deficient performance nor prejudice are shown under *Strickland*.  No potentially meritorious *Strickland* grounds are shown.

### *Ineffective Assistance of Appellate Counsel*

Beal alleges the following instances of ineffective assistance of appellate counsel: (1) failure to consult with Beal and trial counsel; (2) failure to file a motion for new trial; (3) failure to obtain a complete record on appeal with matters outside the record; and (4) failure to raise meritorious grounds of error.  To establish ineffective assistance of appellate counsel under *Strickland*, a petitioner must show deficient performance and that but for counsel's deficiency, the result of the appeal would have been different.

The Court has reviewed the record in light of Beal's complaints and finds neither deficient performance nor prejudice under *Strickland*.  Beal's claims against appellate counsel carry the same factual and legal infirmities as his complaints against trial counsel, and fare no better.  Beal fails to set forth any viable omitted grounds of reversible error, and none appears in the record.  Nor does he present viable grounds for a motion for new trial that, if pursued by appellate counsel, would have culminated in a new trial.  The record does not show that an incomplete record prevented petitioner from presenting an otherwise valid ground for reversal.  Further, the records, alleged testimony, and exhibits which petitioner claims were omitted from the record were not matters presented of record. and had no basis for inclusion in the appellate record under state law.  Petitioner does not show that had

16

appellate counsel requested supplementation with these matters outside the record, the request would have been granted.  No potentially meritorious grounds for habeas relief are shown.

### *"Actual Innocence" and "New Evidence"*

Beal's claim of actual innocence challenges the factual sufficiency and credibility of the evidence, as well as asserts a denial of his right to compulsory process.  Factual insufficiency and credibility issues are not cognizable federal habeas grounds.  *Woods*, 307 F.3d at 357-58.  Beal's claim that numerous uncalled witnesses would have established his innocence is not supported by the record, as there is no evidence identifying such individuals, their potential testimony in favor of Beal, or their availability for trial.  A purported joint "affidavit" of three potential witnesses, including Elmo McCarty, appears in the record, but these individuals were not witnesses to the offense and do not establish Beal's innocence.  *Ex parte Beal*, Application No. 63,173-02, p. 46-50.  A defense investigator's report appearing in the state habeas petition reflects that McCarty "no longer wishe[d] to be involved" in the case.  (*Id.*, p. 57.)  McCarty did not appear for trial, and in requesting a continuance, defense counsel informed the court that McCarty "had relevant information regarding his ownership of the van and the date on which he purchased it."  (S.F. Vol. III, pp. 47-48.)  In denying a continuance, the trial court stated, "I can only assume that this person, since they have not called or made any other effort to contact the Court is purposely not coming to court to testify.  So I will deny your motion for continuance."  *(Id.*, p. 49.)

Regardless, ownership of the van parked in front of complainant's apartment was, at most, a minor collateral issue to the charged offense of burglary of a habitation with intent to commit assault.  Another affidavit establishes that defense counsel did not contact omitted witness Terrace Mayes, but the affidavit provides no insight as to Mayes's proposed testimony.  (*Id.*, p. 54.)

The report further reflects that a potential witness, Arine Saffell, told the defense investigator by telephone that she saw two black men fighting half-way up the apartment stairs.  A black female ran down the stairs to them and made stabbing motions towards one of the men.  The fight then broke up and one of the men ran to the parking lot and drove away in a car.  (*Id.*, pp. 73-74.) Nothing in the record shows that this particular witness was willing or available to testify on behalf of petitioner at trial.

The state appellate court found that Beal confronted the complainant outside her apartment and demanded the keys to the van parked in front of the apartment.  Complainant refused and ran into the apartment.  Beal followed her in, and assaulted her.  She stabbed him with a knife, and Beal fled the premises.  Police found a trail of blood starting just outside the apartment door.  *Beal*, at *1.  A witness at trial stated that Beal assaulted complainant first in the parking lot, then chased complainant up the stairs into her apartment.  It was after Beal entered and left the apartment that the complainant stabbed him.  The investigator's report does not show that Saffell would have testified that Beal did not enter the apartment or assault complainant prior to her witnessing the stairway stabbing.  Complainant admitted

18

to stabbing Beal when he assaulted her, although testimony of where the stabbing took place was conflicting.  Nothing in the record shows that any omitted witness would have testified that Beal was innocent of the offense of burglary of a habitation with intent to commit assault.  It is not more likely than not that no reasonable juror would have convicted Beal in light of the testimony of these omitted witnesses.  Beal's actual innocence claim is without potential merit.

Beal's argument that Saffell's potential testimony constituted "new evidence" not available to him at trial is clearly refuted by the record.  Defense counsel intended to call Saffell as a witness at trial and had spoken with her shortly before commencement of trial. (S.F. Vol. III, pp. 6-8.)  He requested a continuance in order to secure her presence at trial. *Id.*  No "new evidence" is shown, and Beal's contrary claim is without potential merit.

### *Absence at Pretrial Hearings*

Beal complains that the trial court heard pretrial motions without his presence.  The record reflects that Beal remained in jail pending trial and was represented by counsel throughout the pretrial and trial proceedings.  Beal does not identify, and the record does not reveal, any particular hearing at which defense counsel failed to appear on behalf of Beal. Nor does Beal demonstrate that for any particular hearing, his personal presence was necessary for a complete and proper disposition of matters pending before the trial court.  No potentially meritorious claim is shown.

*Denial of Motion to Substitute Counsel*

Beal filed a pretrial motion requesting appointment of new counsel, citing general dissatisfaction with counsel's handling of the defense.  C.R.  7-12.  The trial court granted the motion and appointed new defense counsel, who ultimately represented Beal through trial.  To the extent Beal complains that a second motion to substitute counsel was not granted, the record fails to support Beal's complaint that he was denied effective assistance of counsel, and no harm is shown.  Further, and contrary to petitioner's argument, the federal constitution did not require the trial court to suggest petitioner "discuss the matter with outside counsel."  (Docket Entry No. 1, p. 9.)  No potentially meritorious claim is shown.

*Trial Court Error*

Beal asserts that the state trial court (1) failed to secure favorable defense witnesses; (2) limited the time for voir dire; (3) allowed the prosecution to commit the jury to the facts of the case during voir dire; (4) failed to strike the illegal enhancement paragraphs; (5) allowed the jury to impose an excessive fine; (6) allowed the jury to consider unadjudicated offenses during punishment; (7) permitted witnesses to remain in the courtroom after "The Rule" was invoked; (8) allowed Mrs. Smith to testify; and (9) denied the motion to set aside the indictment.

The Court has reviewed the record in light of Beal's complaints and finds no potentially meritorious grounds for federal habeas relief under these arguments.  Nothing in the record shows that the trial court failed to secure favorable defense witnesses.  Nor does

the record or state law show that the $10,000.00 fine imposed by the jury – the maximum allowed under state law – constituted a violation of his federal constitutional rights.   No objection to the thirty-minute voir dire time limit appears in the record, and Beal asserts no harm from such time limit.   A review of the record does not show that the jury was allowed to commit to the facts of the case during voir dire, or that it was allowed to consider inadmissible extraneous offense evidence during punishment.   The record shows that the jury found "true" to one enhancement paragraph for Beal's 1986 state felony aggravated assault conviction.   Nothing shows that the enhancement paragraph violated Beal's federal constitutional rights.

Deborah Smith, Beal's girlfriend of many years, was called to testify as a witness by the defense during guilt-innocence (S.F. Vol. III, p. 25) and by the State during punishment (*id*., p. 137).   Beal did not object to the State calling Smith as a witness, and a review of her testimony fails to reveal any valid grounds for objection or federal habeas relief.   As to Beal's claim that an expert witness was allowed to remain in the courtroom after the Rule was invoked, no denial of a fair trial is shown and no grounds for federal habeas relief appear in the record.

### *Prosecutorial Misconduct*

Beal alleges that the prosecution (1) fraudulently prevented a defense witness from testifying; (2) failed to disclose exculpatory evidence; (3) informed defense counsel, but not Beal personally, of the amended indictment; (4) failed to procure Beal's presence at pretrial

hearings; (5) presented perjured testimony; (6) presented insufficient evidence; (7) presented improper and prejudicial evidence; (8) presented false testimony to the grand jury; (9) threatened complainant not to drop the charges against Beal; (10) served counsel, but not Beal, with the amendment indictment; (11) denied Beal sufficient time to object to the amended indictment; and (12) presented evidence of unadjudicated misconduct.

The Court has reviewed the record in light of these complaints and finds no potentially meritorious grounds for habeas relief. Nothing in the record shows that the State prevented any of Beal's witnesses from appearing or testifying at trial, or that complainant was threatened not to drop her charges against Beal. Nor is it a violation of Beal's federal constitutional rights that Beal's counsel, but not Beal himself, appeared at pretrial hearings and received notification of the amended indictment. A review of the record fails to show that the State knowingly introduced perjured or false testimony. Nor does the record reveal the admission of improper evidence rising to the level of a constitutional issue. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Neal v. Cain,* 141 F.3d 207, 214 (5th Cir.1998) ("The erroneous admission of prejudicial evidence will justify habeas relief only if the admission was a crucial, highly significant factor in the defendant's conviction.")

No *Brady* violation or grounds for a potential *Brady* violation appear in the record, and Beal's claim of insufficient evidence has been addressed by this Court. No potentially meritorious grounds for habeas relief are shown.

### *Appellate Court Error*

Beal complains that the state appellate court (1) failed to grant Beal's motions; (2) failed to provide him with an accurate and legible copy of the appellate record he purchased; and (3) failed to address an "obvious" error in the record.  The Court has reviewed the record and finds no potentially meritorious grounds for habeas relief under Beal's complaints.  Beal was represented by counsel on appeal up through issuance of the state appellate court's opinion.  Thereafter, Beal proceeded *pro se* and filed motions for rehearing, rehearing *en banc*, abatement, and miscellaneous relief, all of which were denied.  No grounds for federal habeas relief are shown by the denial of any motions filed by Beal.  The record does not show that Beal was provided an inaccurate or illegible copy of the record on appeal, or that any omission from the record prevented Beal from presenting otherwise reversible error.  No "obvious" reversible error appears in the record.

### *1986 Enhancement Conviction*

Beal complains under several grounds that his 1986 guilty plea conviction for aggravated assault under cause number 448828 in Harris County, Texas, was void and improperly used for enhancement purposes at punishment.  In support he claims that the guilty plea was involuntarily and unknowingly made and induced by a false promise of probation.

The State proved up petitioner's "pen packet" during the punishment phase of trial, which included the 1986 conviction.  The exhibit reveals that petitioner pleaded guilty to the

offense without an agreed recommendation, and was sentenced to four years imprisonment. (S.F. Vol. V, Exhibit 9.)   During the punishment hearing, petitioner testified that he acted in self-defense during the 1986 assault by taking away a co-employee's knife and cutting him with it. (S.F. Vol. IV, p. 25.)  He further testified that he "went to prison because I copped to the time for me saying, yes, I did assault this guy." (*Id.*, p. 37.)  The jury found "true" to the enhancement paragraph. (S.F. Vol. IV, p. 77.)  Petitioner did not object at trial that the conviction was void for enhancement purposes or present any evidence to support his instant allegations, and his habeas challenge at this juncture is foreclosed by procedural default. Regardless, nothing in the record shows or suggests that the 1986 conviction is void.

To the extent petitioner's instant claim is in the nature of a challenge to the legal and factual sufficiency of the jury's finding of "true" to the enhancement paragraph, no potentially meritorious ground for relief is shown.  A factual sufficiency argument is not a cognizable habeas claim, and as previously discussed herein, petitioner's legal insufficiency argument is unsupported in the record. .

### *Other Convictions and Charges*

Petitioner claims that two assault charges brought against him by complainant in cause numbers 914098 and 919563 were pending against him at the time of trial.  He asserts that the jury was allowed to hear about the pending charges, but did not hear the fact that the charges were dropped after trial.  (Docket Entry No. 1, p. 15.)  He further claims that "The court made [me] plead guilty to the two charges and dropped the false charge and threaten

24

[me] not to appeal the two cases, and made [me] drop [my] appeal that was pending in cause no. 9953014." According to petitioner, assault offenses appearing in his "pen packet" were based on lies by complainant.

During the punishment phase of trial, complainant testified to several prior assaults by petitioner against her and her mother. (S.F. Vol. III, pp. 107-123.) She admitted that she had tried to get one or more of the assault charges dropped out of fear and at petitioner's urging. She further admitted that at petitioner's request, she falsely told a grand jury that someone other than petitioner had assaulted her. Under cross-examination by defense counsel, complainant further admitted she exchanged letters with petitioner and accepted his collect calls while he was in jail, and that she posted his pretrial release bond. The record shows that the jury was made aware of the volatile relationship between petitioner and complainant, and that complainant had falsely testified at one or more grand jury proceedings and court hearings regarding the assaults. The record also shows that petitioner presented his version of and disagreement with the prior convictions and assault charges, as well as with complainant's testimony. (S.F. Vol. IV, pp. 22-48.) He did not, however, testify that the courts threatened or forced him to plead guilty or to abandon his appeals.

Petitioner's disputes with the facts underlying his convictions and criminal charges did not render the evidence inadmissible, and the credibility of the testimony and evidence was for the jury to weigh. No potentially meritorious grounds for habeas relief are shown.

*Judicial Conspiracy*

Beal also complains that the trial court, prosecution, defense counsel, small claims court, state court of appeals, and the Supreme Court of Texas, jointly and severally, acted illegally, fraudulently, and in conspiracy to convict Beal and violate his constitutional rights. Nothing in the record before this Court evinces, in any form or fashion, any illegality, fraud, conspiracy, or other wrongful acts by, between, or among any of these named entities or individuals. No potentially meritorious ground for habeas relief is shown.

### C.     "Intentionally Dilatory Litigation Tactics"

*Rhines* last provides that a stay of a petitioner's unexhausted habeas grounds should be denied where there is an indication that he "engaged in intentionally dilatory litigation tactics." *Rhines*, 514 U.S. at 278. Nothing in the record indicates that Beal engaged in such behavior.

## V.   COUNSEL OF RECORD

Respondent's motion to substitute counsel (Docket Entry No. 43) is **GRANTED**. Melissa L. Kelly is **ORDERED SUBSTITUTED** as counsel of record for respondent in place and stead of Stephen M. Hoffman. Respondent's motion for Melissa L. Kelly to appear *pro hac vice* in this lawsuit (Docket Entry No. 42) is **GRANTED**.

26

## VI.  CONCLUSION

Beal failed to exhaust his state court remedies as to all of his claims, and grounds for relief under *Rhines* are not shown.  Beal has not made a substantial showing of the denial of a constitutional right, and no certificate of appealability will issue.

Accordingly, the Court **ORDERS** as follows:

(1)    Beal's motion for leave to file an amended or supplemental petition (Docket Entry No. 17) is **DENIED**.

(2)    Beal's motion for leave to file additional or amended motions (Docket Entry No. 26) is **DENIED AS MOOT**.

(3)    Beal's motions for leave to file memoranda in support (Docket Entries No. 27, 32) are **GRANTED**.

(4)    Beal's motions to stay or abate (Docket Entries No. 28, 31, 35) are **DENIED**.

(5)    Beal's motions for appointment of counsel (Docket Entries No. 33, 35) are **DENIED AS MOOT**.

(6)    Respondent's motion to dismiss (Docket Entry No. 34) is **GRANTED**.

(7)    Respondent's motion to appear *pro hac vice* (Docket Entry No. 42) is **GRANTED**.

(8)    Respondent's motion to substitute counsel (Docket Entry No. 43) is **GRANTED**.  Melissa L. Kelley is **ORDERED SUBSTITUTED** as attorney of record for respondent in place and stead of Stephen M. Hoffman.

(9)    The habeas petition is **DENIED**.

(10)    This case is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

(11)    A certificate of appealability is **DENIED**.

(12)     Any and all other pending motions are **DENIED AS MOOT**.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on January 29, 2007.

_____
Gray H. Miller
United States District Judge